```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF MISSISSIPPI
                          JACKSON DIVISION


RS SERVICES OF NORTH AMERICA, LLC
FORMERLY KNOWN AS UNIVERSAL SOLUTIONS
OF NORTH AMERICA, LLC                                    PLAINTIFF


VS.                              CIVIL ACTION NO. 3:06CV307TSL-JCS


ST. PAUL FIRE & MARINE
INSURANCE COMPANY, ET AL.                                DEFENDANT
```

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of plaintiff RS Services of North America, LLC, formerly known as Universal Solutions of North America, LLC, for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendant St. Paul Fire & Marine Insurance Company (St. Paul) has responded in opposition to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that the motion should be denied. Also before the court is a motion by plaintiff RS Services of North America, LLC, to amend its complaint, which is opposed by St. Paul. That motion will be granted for reasons set forth herein.

This case presents a question of insurance coverage under a certain property protection insurance policy issued by St. Paul in March 2003 to Universal Solutions of North America, LLC (now known

as RS Services of North America, LLC) for a loss claimed by plaintiff to be a covered "theft" under the terms of the policy.[1] Universal Solutions of North America is in the primary business of selling, installing and maintaining telecommunications equipment. According to plaintiff, in January 2004, it learned that it had been the victim of employee theft by one William Wilkerson, which had occurred from June 2003 through September 2003, within the effective dates of the St. Paul policy at issue.  According to plaintiff, Wilkerson, who was employed as the general manager of Universal Solution's West Florida office, committed theft against the company by using Universal Solutions' labor, valuables, equipment and expendables to service customers, who were then directed to, and did, make payment of over $50,000 to Wilkerson's own company, ACE Communications, rather than paying Universal Solutions.

Universal Solutions made a claim for benefits under the St. Paul policy, which policy provides coverage for employee theft up to $250,000.  St. Paul denied the claim, taking the position that Wilkerson's actions did not constitute "theft" under the policy.[2]

---

[1] As a result of an asset sale, Universal Solutions of North America, LLC, was required by law to change its name.  The company now known as RS Services of North America, LLC, is the same company previously named Universal Solutions of North America, LLC.  For ease of discussion, the court will refer to the plaintiff as Universal Solutions of North America, LLC.

[2] St. Paul wrote, "Mr. Wilkerson's alleged wrongdoing simply does not constitute theft and, therefore, the Employee

2

Upon St. Paul's denial of its claim, plaintiff filed this action for bad faith breach of the insurance contract. By the present motion, plaintiff asks the court to determine as a matter of law that its claim is due and owing under the contract.

The policy at issue states:

Employee Theft

We'll pay for loss or damage to money, securities, or other property resulting directly from theft by any of your employees. This can be money, securities, or other property that you own or that you're holding, whether or not you're liable for its loss. But we won't pay more than the additional benefit limit for employee theft shown in the Coverage Summary.

This protection applies when there is evidence that the employee meant to cause you a loss. The evidence must also show that the employee intended that he or she or another person or organization would get some unearned financial benefit.

Financial benefit doesn't include salaries, commissions, fees, bonuses, promotions, awards, profit sharing, pensions, or other employee benefits earned in the normal course of employment.

Plaintiff points out that the policy does not define "theft," but claims that under the "common and ordinary" meaning of the term, Wilkerson's conduct plainly qualifies as "theft."

In response to plaintiff's motion, St. Paul argues that Wilkerson's actual employer, Universal Solutions of West Florida, LLC, is not an insured under the subject policy, and that therefore, the policy provides no coverage for Wilkerson's alleged

---

Theft additional benefit does not apply."

misconduct, even if such misconduct could properly be deemed a "theft." It further argues, though, that even if the policy could be interpreted to extend coverage to Universal Solutions of West Florida, LLC, summary judgment could not be entered for plaintiff inasmuch as there is a clear dispute between the parties as to the facts relative to the alleged "theft," and in particular, as to whether the evidence shows either that Wilkerson meant to cause a loss to Universal Solutions or that his actions were intended to result in some unearned financial benefit to himself or to his company.

    The evidence of record, including <u>inter</u> <u>alia</u> the testimony of plaintiff's chief executive officer, Robert Scott, establishes that William Wilkerson was never an employee of Universal Solutions of North America, LLC, but was instead employed by Universal Solutions of West Florida, LLC, a separate company of which Universal Solutions of North America, LLC, was the majority shareholder and managing member. Nevertheless, plaintiff argues that even though Wilkerson was not an employee of the named insured, Universal Solutions of North America, LLC, his acts are still covered by the Employee Theft coverage purchased from St. Paul. In this vein, plaintiff notes that the policy's "Coverage Summary" identifies fourteen "Scheduled Locations," including a location at 4430 Hwy. 90 East, Suite C, Pace, Florida, which is the office at which Universal Solutions of West Florida does

business.  Plaintiff then reasons that the intent of the parties to the policy, as evidenced by the policy itself, the testimony of the agent who placed the coverage and the amount of the premium for the policy ($252,739), was that each of the fourteen Scheduled Locations listed in the policy would be covered, and therefore, since Wilkerson was an employee at a Scheduled Location, the policy covers the theft committed by Wilkerson.

On the evidence before it, this court cannot conclude as a matter of law that Universal Solutions of West Florida, LLC, is an insured under the policy, or that the policy was intended to, or would by its terms include a theft committed by Wilkerson, an employee of Universal Solutions of West Florida who worked at a location identified in the policy as a "Scheduled Location." Summary judgment, therefore, may not properly be entered for plaintiff.

Moreover, even were the court persuaded that the policy would extend to a theft committed by Wilkerson, summary judgment still could not be entered, for the court agrees with St. Paul that there is a genuine issue of fact on the question whether Wilkerson committed a "theft" within the contemplation of the policy. Wilkerson has submitted an affidavit in which he maintains that the challenged transactions were expressly authorized by Robert Scott, so that there was never any intent to cause any loss to Universal Solutions or to gain any "unearned" financial benefit.

While plaintiff's criticism of Wilkerson's assertions as "self-serving," "inconsistent with [Wilkerson's] employment contract," and "nonsensical," may ultimately be found justified, this court cannot simply disregard this evidence.  The court therefore concludes that summary judgment must be denied.

Plaintiff has moved to amend to add Universal Solutions of West Florida, LLC, as a plaintiff in this cause, taking the position that based on St. Paul's arguments, Universal Solutions of West Florida, LLC, is apparently the real party in interest for this claim and should be joined pursuant to Rule 19(a) of the Federal Rules of Civil Procedure.  St. Paul argues in response to this motion that the request to amend is untimely; and that the amendment should be denied in any event on the basis of futility because Universal Solutions of West Florida, LLC, is not an insured under the policy and/or because even if Universal Solutions of West Florida, LLC, is an insured, it has no cognizable claim because it never filed a proof of loss so that no claim was ever denied.  The court rejects the argument that the request to amend is untimely, for it does appear to the court that St. Paul did not clearly raise the question of Wilkerson's employment status until well into the litigation.  Moreover, while it may well prove that Universal Solutions of West Florida, LLC, is not an insured, the court finds that this is an issue that may be more fully considered post-amendment, as is the question

whether a claim by the proposed plaintiff ought be foreclosed based on its failure to timely file a proof of loss.

Based on the foregoing, it is ordered that plaintiff's motion for partial summary judgment is denied, and plaintiff's motion for leave to amend is granted.

SO ORDERED this 7th day of August, 2007.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE